UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVETTE R. HARDY,

                    Plaintiff,            Civil Action No. 15-10010
                                       Honorable Linda V. Parker
                                       Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [13, 14]**

       Plaintiff Lavette Hardy ("Hardy") brings this action pursuant to 42 U.S.C. §405(g), challenging the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [13, 14], which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

**I.      RECOMMENDATION**

       For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Hardy is not disabled under the Act is not supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's motion for summary judgment [14] be DENIED, Hardy's motion for summary judgment [13] be GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. §405(g), this case be REMANDED to the ALJ for further proceedings consistent with this Report and Recommendation.

## II.    REPORT

### A.    Procedural History

On May 3, 2012, Hardy filed an application for DIB, alleging a disability onset date of October 11, 2011.  (Tr. 121-27).  This application was denied initially on July 26, 2012.  (Tr. 72-75).  Hardy filed a timely request for an administrative hearing, which was held on July 8, 2013, before ALJ Regina Sobrino.  (Tr. 35-57).  Hardy, who was represented by attorney Frank Cusmano, testified at the hearing, as did vocational expert Pauline McEachin.  (*Id.*).  On September 23, 2013, the ALJ issued a written decision finding that Hardy is not disabled under the Act.  (Tr. 20-30).  On November 18, 2014, the Appeals Council denied review.  (Tr. 1-5).  Hardy timely filed for judicial review of the final decision on January 5, 2015.  (Doc. #1).

### B.    Framework for Disability Determinations

Under the Act, DIB are available only for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  The Act defines "disability" as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).  The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in

the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. §404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## C.    Background

### 1.    *Hardy's Reports and Testimony*

At the time of the administrative hearing, Hardy was 40 years old, and at 5'4" tall, weighed 300 pounds.  (Tr. 39, 49).  She lived in a house with her parents and fourteen-year-old son.  (Tr. 39, 42, 168).  She graduated from high school and completed additional job-related training.  (Tr. 39, 145).  She last worked as a dental assistant in February of 2011, when she lost her job.  (Tr. 39-40).

Hardy alleges disability as of October 2011, when she was struck by a car while walking in a parking lot.  (Tr. 168).  She continues to suffer from back pain (radiating down her left leg), neck pain (radiating into her left shoulder), and left knee pain, all stemming from this accident. (Tr. 40, 46-47, 144).  She takes Motrin and Flexeril for pain.  (Tr. 43, 146, 177).  She testified that she can stand for thirty minutes at a time, walk for twenty minutes at a time, sit for twenty minutes at a time, and lift no more than ten pounds.  (Tr. 40-41).  Hardy further testified that she

3

has difficulty bending at the waist, bending her knees, crouching down, and climbing stairs.  (Tr. 41).  However, Hardy is able to prepare simple meals, drive, go grocery shopping (although her son carries the bags for her), and attend to her own personal care needs.  (Tr. 41-42, 169-72).  She has difficulty concentrating and sleeping because of pain.  (Tr. 49, 169).  She spends time with others, attends church, and is able to go to the movies and out to dinner.  (Tr. 172).

### 2.   *Medical Evidence*

The Court has thoroughly reviewed Hardy's medical record.  In lieu of summarizing her medical history here, the Court will make references and provide citations to the record as necessary in its discussion of the parties' arguments.

### 3.   *Vocational Expert's Testimony*

Pauline McEachin testified as an independent vocational expert ("VE") at the administrative hearing.  (Tr. 50-56).  The ALJ asked the VE to imagine a hypothetical individual of Hardy's age, education, and work experience who can perform sedentary work with the following additional limitations:  the opportunity to alternate position for up to five minutes approximately every thirty minutes; no climbing of ladders; occasional climbing of stairs, crouching, and stooping; no crawling; no reaching above shoulder level; simple, routine, repetitive tasks not done at a production rate (*e.g.*, no assembly line work); and only minimal changes in the work setting.  (Tr. 51-53).  The VE testified that the hypothetical individual would not be capable of performing Hardy's past relevant work.  (Tr. 51).  However, the VE further testified that the hypothetical individual would be capable of working in the jobs of order checker (180,000 jobs nationally), general office clerk (150,000 jobs), and information clerk (160,000 jobs).  (Tr. 51-52).

### D.    The ALJ's Findings

At Step One of the five-step sequential analysis, the ALJ found that Hardy has not engaged in substantial gainful activity since October 11, 2011 (the alleged onset date).  (Tr. 22). At Step Two, the ALJ found that Hardy has the severe impairments of degenerative disc disease, obesity, and an affective disorder.   (*Id.*).   At Step Three, the ALJ found that Hardy's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.  (Tr. 22-24).

The ALJ then found that Hardy retains the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations:  the opportunity to alternate position for up to five minutes approximately every thirty minutes; no climbing of ladders; occasional climbing of stairs, crouching, and stooping; no crawling; no reaching above shoulder level; simple, routine, repetitive tasks not done at a production rate (*e.g.*, no assembly line work); and only minimal changes in the work setting.  (Tr. 24).

At Step Four, the ALJ determined that Hardy is unable to perform any of her past relevant work.  (Tr. 29).  At Step Five, the ALJ concluded, based in part on the VE's testimony, that Hardy is capable of performing a significant number of jobs that exist in the national economy.  (Tr. 29-30).  As a result, the ALJ concluded that Hardy is not disabled under the Act. (Tr. 30).

### E.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. §405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact

unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *see also Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by

6

substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion'").

F.    **Analysis**

In her motion for summary judgment, Hardy argues that the ALJ's conclusion at Step Three that her impairments do not meet or medically equal Listing 1.04A is erroneous and/or not supported by substantial evidence for numerous reasons, including that the ALJ failed to solicit an expert medical opinion regarding this issue.[1]  (Doc. #13 at 15-17).  For the reasons set forth below, the Court finds merit to this argument.

At Step Two of her decision, the ALJ specifically found that Hardy has the severe impairments of degenerative disc disease, obesity, and an affective disorder.  (Tr. 22).  Then, at Step Three, with respect to Hardy's degenerative disc disease, the ALJ said only:

> The claimant's musculoskeletal impairment fails to meet the requirements of listing section 1.04 or any other relevant listing section because the claimant lacks the requisite motor and sensory deficits, and there is no evidence of spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication.

(*Id.*).  To have met the criteria of Listing 1.04A – the only portion of Listing 1.04 that Hardy claims the ALJ erroneously evaluated (Doc. #13 at 15) – Hardy had to establish that she suffers

---

[1]  Hardy also argues that the ALJ failed to adequately analyze or explain why her physical impairments do not meet or medically equal listing 1.04A, that the ALJ erred in evaluating the medical opinion evidence, and that the ALJ improperly formulated her RFC.  (Doc. #13 at 17-25).  Because the Court is recommending remand based on the lack of a proper medical opinion in the record, it declines to address the merits of these arguments.  Nevertheless, if, on remand, the ALJ determines that Hardy's impairments do not meet or medically equal Listing 1.04A's requirements, the ALJ should explain the basis for that determination in detail.

from a disorder of the spine (for example, spinal arachnoiditis, spinal stenosis, or degenerative disc disease) along with:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 1.04A.

It is well-settled that to "meet" a Listing, a claimant's impairments must satisfy each and every element of the Listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) ("When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing."). In this case, the ALJ found at Step Three that Hardy's physical impairments do not meet the requirements of Listing 1.04A because she "lacks the requisite motor and sensory deficits." (Tr. 22).

The ALJ did not, however, address the issue of medical equivalency. "When a claimant has a listed impairment but does not meet the criteria, an ALJ can find that the impairment is 'medically equivalent' to the listing if the claimant has 'other findings related to [the] impairment that are at least of equal medical significance to the required criteria.'" *Thomas v. Comm'r of Soc. Sec.*, No. 12-14758, 2014 U.S. Dist. LEXIS 22035, at *20-21 (E.D. Mich. Jan. 24, 2014) (quoting 20 C.F.R. § 416.926(a)). To that end, Social Security regulations mandate "that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Soc. Sec.

Rul. 96-6p, 1996 SSR LEXIS 3, at *8 (Jul. 2, 1996); *see also Retka v. Comm'r of Soc. Sec.*, No. 94-2013, 1995 U.S. App. LEXIS 35546, at *4 (6th Cir. Nov. 22, 1995) (noting that "[g]enerally, the opinion of a medical expert is required before a determination of medical equivalence is made."). This requirement will be satisfied if the record contains Disability Determination and Transmittal Forms, Psychiatric Review Technique Forms, or "various other documents on which medical and psychological consultants may record their findings" that are signed by a state agency medical consultant. Soc. Sec. Rul. 96-6p, 1996 SSR LEXIS 3, at *8.

In this case, the Disability Determination Explanation Form ("DDE") was signed by Joyce Cowan, the Single Decision Maker ("SDM"), and psychologist Rom Kriauciunas, Ph.D. (Tr. 58-67). However, with respect to Hardy's physical impairments, neither of them "qualify as expert medical consultants under the regulations, and therefore [their DDE form does] not qualify as expert testimony" with respect to the issue of medical equivalency. *Park v. Comm'r of Soc. Sec.*, No. 14-10982, 2015 U.S. Dist. LEXIS 131617, at *8 (E.D. Mich. Sep. 29, 2015); *see also* Program Operations Manual System DI § 24510.05 (stating that "SDM-completed forms are not opinion evidence at the appeal levels."); *Thomas*, 2014 U.S. Dist. LEXIS 22035, at *22 (holding that opinion of state agency psychological consultant regarding claimant's mental impairments "cannot support a conclusion that plaintiff's impairments were not equivalent to Listing 1.04."); *Harris v. Comm'r of Soc. Sec.*, No. 12-10387, 2013 U.S. Dist. LEXIS 39950, at *22 (E.D. Mich. Mar. 22, 2013) ("[a] medical opinion on the issue of equivalence is required, regardless of whether the SDM model is implicated."). Moreover, the DDE altogether fails to address Listing 1.04, let alone whether Hardy's condition medically equals that listing. (Tr. 58-67).

The Commissioner counters that "there is in fact a medical opinion in this case from a state agency physician that supports the ALJ's listing analysis," which "determined that plaintiff retained an RFC consistent with the ALJ's decision (*see* Tr. 284)." (Doc. #14 at 8, n.1).  But that opinion, authored by Jacinto DeBorja, M.D., merely indicated his "complete agreement" with the SDM's RFC assessment without any mention of Listing 1.04 or medical equivalency. (Tr. 284). As a result, the record contains no proper expert medical opinion concerning whether Hardy's physical impairments are medically equivalent to Listing 1.04A, and the ALJ erred by failing to obtain one.  *See e.g. Terry v. Comm'r of Soc. Sec.*, No. 14-12274, 2015 U.S. Dist. LEXIS 129940, at *10 (E.D. Mich. Sep. 28, 2015) (ruling that ALJ committed reversible error by "making an equivalency determination at Step Three without any medical opinion"); *Moran v. Comm'r of Soc. Sec.*, 40 F. Supp. 3d 896, 923  (E.D. Mich. 2014) (collecting cases).

As to whether this omission constitutes harmless error, although the Commissioner is correct that multiple records show Hardy exhibiting normal strength and sensation, overall, the Court finds sufficient "conflicting" and "inconclusive" record evidence relating to the issue of medical equivalency to merit remanding the matter to the ALJ for a more full consideration of this issue. *Rabbers*, 582 F.3d at 657.  For example, a December 2011 MRI indicates a posterocentral protusion type herniation at the L5-S1 level impinging upon the thecal sac causing mild bilateral neuroforaminal compromise; a disc bulge at L4-L5 level causing mild bilateral neuroforaminal compromise; and disc bulges impinging upon the thecal sac at L1-2, L2-3 levels. (Tr. 263).  An MRI of Hardy's cervical spine from March 26, 2012 evidences a small C6-C7 left paramedian disc herniation effacing the exiting C7 nerve root. (R. 191).  There is also evidence

of numerous positive (Tr. 195, 247, 344, 354, 395-406)[2] (and negative (Tr. 244, 252, 256, 260, 301, 463, 468)) straight leg raise tests, along with an EMG from May 2012 showing bilateral C6-7 radiculitis in the upper extremities and bilateral L5-S1 radiculitis in the lower extremities. (Tr. 304). While the above evidence may ultimately not change the outcome of this case, it is at least sufficient to require a more full and explicit consideration by an appropriate medical expert, whose opinion may then be evaluated and used by the ALJ in deciding whether Hardy meets or medically equals the Listing. In short, here "the lack of an expert opinion on equivalence with respect to Listing 1.04 is not harmless error because an expert could have found that [Hardy's] impairments were equivalent to the listing." *Thomas*, 2014 U.S. Dist. LEXIS 22035, at *22; *see also Park*, 2015 U.S. Dist. LEXIS 129940, at *10 (holding that ALJ's failure to obtain medical expert opinion regarding medical equivalency "prejudiced plaintiff"); *cf. Bukowski v. Comm'r of Soc. Sec.*, No. 13-12040, 2014 U.S. Dist. LEXIS 135703, at *20 (E.D. Mich. Sep. 26, 2014) (holding that ALJ's failure to obtain expert opinion constituted harmless error where the medical record was "neither inconclusive nor contradictory").

For the foregoing reasons, the ALJ's conclusion that Hardy's physical impairments do not medically equal Listing 1.04A is not supported by substantial evidence, and the matter should be remanded so that the ALJ can obtain a proper medical opinion with respect to that issue.

---

[2] The Commissioner correctly notes that Hardy cited to only one of these positive straight leg raise tests (Doc. # 14 at 6, citing Doc. # 13 at 14). But Hardy's failure to cite the results of other straight leg raise tests found in the medical record does not preclude the Court from relying upon those results in reaching its decision. *See Heston*, 245 F.3d at 535 ("Judicial review of the [Commissioner's] findings must be based on the record as a whole.").

III.    CONCLUSION

For foregoing reasons, the Court RECOMMENDS that the Commissioner's motion for summary judgment [14] be DENIED, Hardy's motion for summary judgment [13] be GRANTED IN PART to the extent it seeks remand and DENIED IN PART to the extent it seeks an award of benefits, and that, pursuant to sentence four of 42 U.S.C. §405(g), this case be REMANDED to the ALJ for further proceedings consistent with this Report and Recommendation.

Dated: January 22, 2016                    s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                           United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with

a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C.§ 636(b)(1).  Any such response should be

concise, and should address specifically, and in the same order raised, each issue presented in the

objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2016.

<div style="margin-left:40%">

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

</div>