UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVETTE R. HARDY,

        Plaintiff,                               Civil Case No. 15-10010
                                                      Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 16], GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14], AND OVERRULING DEFENDANT'S OBJECTION [17]; AND REMANDING CASE**

On January 5, 2015, Plaintiff filed this lawsuit challenging the Commissioner of Social Security's ("Commissioner's") final decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. On January 5, 2015, this Court referred the lawsuit to Magistrate Judge David R. Grand for all pretrial matters, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 13, 14.) On

January 22, 2016, Magistrate Judge Grand issued his R&R recommending that this Court: (1) deny the Commissioner's motion; (2) grant in part Plaintiff's motion to the extent it seeks remand, and deny in part to the extent it seeks an award of benefits; and (3) remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF No. 16.)

In his R&R, Magistrate Judge Grand found that the Administrate Law Judge (ALJ) erred in Step Three of its analysis by concluding that Plaintiff's impairments did not meet or medically equal Listing 1.04A without having solicited an expert medical opinion regarding this issue. (ECF No. 16 at Pg. ID 685.) Step Three holds that "[i]f the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience." *Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011).

Magistrate Judge Grand asserted that while the ALJ found at Step Three that Plaintiff's physical impairments do not meet the requirements of Listing 1.04A – because Plaintiff lacked the requisite motor and sensory deficits – the ALJ did not, however, address the issue of medical equivalency. (ECF No. 16 at Pg. ID 686.) In reliance on the Social Security regulations, he correctly stated that the regulations

2

mandate "that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Soc. Sec. Rul. 96-6p, 1996 SSR LEXIS 3, at *8 (Jul. 2, 1996). Magistrate Judge Grand also correctly indicates that this requirement is satisfied if the record contains Disability Determination and Transmittal Forms, Psychiatric Review Technique Forms, or "various other documents on which medical and psychological consultants may record their findings that are signed by a state agency medical consultant." (*See id.*; ECF No. 16 at Pg. ID 687.)

Magistrate Judge Grand then explained that in this case, the Disability Determination Explanation Form ("DDE") was signed by Joyce Cowan, the Single Decision Maker ("SDM") and psychologist Rom Kriauciunas, Ph.D. (Tr. 58-67.) Magistrate Judge Grand contends that with respect to Plaintiff's physical impairments, neither Cowan nor Kriauciunas qualify as expert medical consultants under the regulations, and that therefore their DDE form does not qualify as expert testimony with respect to the issue of medical equivalency. (ECF No. 16 at Pg. ID 687.) Magistrate Judge Grand further asserts that while there is a medical opinion in this case from a state agency physician, Jacinto DeBorja, M.D., the opinion "merely indicated [DeBorja's] 'complete agreement' with the SDM's RFC

3

assessment without any mention of Listing 1.04 or medical equivalency," and that consequently: (1) the record contains no proper expert medical opinion concerning whether Plaintiff's physical impairments are medically equivalent to Listing 1.04A; and (2) the ALJ improperly failed to solicit a medical expert opinion addressing these issues. (*Id.* at Pg. ID 688.) Finally, Magistrate Judge Grand concluded, after reviewing the record evidence relating to medical equivalency, that the lack of an expert opinion on equivalence with respect to Listing 1.04 was not harmless error because an expert could have found that Plaintiff's impairments were equivalent to the listing. (*Id.* at Pg. ID 688–89.)

Defendant, in objection to Magistrate Judge Grand's R&R, states that the SDM found that Plaintiff retained the RFC to perform a limited range of sedentary work, and that the SDM's signature on the DDE "implies consideration of the issue of medical equivalence to a listing." (ECF No. 17 at Pg. ID 694.) Defendant further contends that while the SDM lacks medical expertise to make a determination concerning medical equivalence, DeBorja's statement that he was in "complete agreement" with the SDM's RFC assessment satisfies the requirement for a medical opinion addressing the issue of medical equivalence. (*Id.*) Defendant cites no binding authority for its assertion. The district court in *Thomas v. Comm'r of Soc. Sec.*, No. 12-14758, 2014 WL 688197, at *8–9 (E.D. Mich. Feb. 21, 2014), held the following, in relevant part:

4

> When a claimant has a listed impairment but does not meet the criteria, an ALJ can find that the impairment is "medically equivalent" to the listing if the claimant has "other findings related to [the] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 416.926(a). The SSA requires that the "judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." Social Security Ruling ("SSR") 96–6p, 1996 WL 374180 at *3 (1996)[2]; *see also* 20 C.F.R. § 416.926(c) ("We also consider the opinion given by one or more medical or psychological consultants designated by the Commissioner."); *Retka v. Comm'r of Soc. Sec.,* 70 F.3d 1272 (6th Cir.1995) ( "Generally, the opinion of a medical expert is required before a determination of medical equivalence is made."); *Fowler v. Comm'r of Soc. Sec.,* No. 12–12637, 2013 WL 5372883, at *4 (E.D.Mich. Sep.25, 2013) (remanding because there was no expert medical opinion on the issue of equivalence, collecting cases); *Manson v. Comm'r of Soc. Sec.,* No. 12–11473, 2013 WL 3456960, at *11 (E.D.Mich. July 9, 2013) (remanding for an expert opinion at step three). SSA guidance provides that a "Disability Determination and Transmittal" form signed by a medical or psychological consultant, a "Psychiatric Review Technique" form, "and various other documents on which medical and psychological consultants may record their findings," can fulfill this requirement to "ensure that this opinion has been obtained at the first two levels of administrative review." *See* SSR 96–6p, 1996 WL 374180 at *3.
>
> Defendant does not point to any evidence that the record before the ALJ contained an expert opinion on medical equivalence regarding physical impairments. In this case, the lack of an expert opinion on equivalence with respect to Listing 1.04 is not harmless error because an expert could have found that [Plaintiff's] impairments were equivalent to the listing. *See Barnett*, 381 F.3d at 667, 671. The ALJ's finding that the listing was not equaled is therefore not supported by substantial evidence. *See Reynolds*, 424 F. App'x at 416.

*Thomas*, No. 12-14758, 2014 WL 688197, at *8–9 (E.D. Mich. Feb. 21, 2014).

5

With the district court's holding in *Thomas* in mind, this Court, having carefully reviewed the DDE, DeBorja's opinion, the R&R, and the record, concurs with the conclusions reached by Magistrate Judge Grand. The record does not contain proper expert medical opinion concerning whether Plaintiff's physical impairments are medically equivalent to Listing 1.04A, given that DeBorja's opinion merely indicates his complete agreement with the SDM's RFC assessment without any mention of Listing 1.04 or medical equivalency. *Terry v. Comm'r of Soc. Sec.*, No. 14-12274, 2015 WL 5675746, at *3 (E.D. Mich. Sept. 28, 2015) (holding that "ALJs [ ] have an obligation under regulation and case law to consult a medical opinion on the issue of medical equivalency," and that "therefore, by making an equivalency determination at step three without any medical opinion, the ALJ did not follow the requirement for a step three determination at a hearing according to SSR 96-6p, and as such the case should be remanded to obtain a medical opinion with which to assist in the equivalency determination."). The Court therefore overrules Defendant's objection and adopts the magistrate judge's January 22, 2016, Report and Recommendation.

Accordingly,

For the abovementioned reasons, Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**; Defendant's motion for summary judgment (ECF No. 14) is **DENIED**; and Defendant's

Objection (ECF No. 17) is **OVERRULED**. This case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with Magistrate Judge Grand's January 22, 2016, Report and Recommendation.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 23, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager